IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100540-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 22, 2012) |
| Creighton Hart, | ) | |
| | ) | 2012 UT App 78 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 081900710
The Honorable Randall N. Skanchy

Attorneys:     Jeremy M. Delicino, Salt Lake City, for Appellant
               Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Christiansen.

CHRISTIANSEN, Judge:

¶1     Defendant Creighton Hart appeals the trial court's denial of his motion for a directed verdict. We affirm.

¶2     After a two-day trial, the jury found Hart guilty of ten counts of violating a protective order. *See* Utah Code Ann. § 76-5-108 (2003) (current version at *id.* (2008)). At the close of the State's evidence, Hart moved for a directed verdict on all counts, arguing that the State presented insufficient evidence to establish all of the elements of

the protective order statute because the protective order did not indicate, and the State failed to introduce any other evidence to demonstrate, that it was issued under one of the statutory provisions listed in section 76-5-108(1).  *See id.* § 76-5-108(1) ("Any person who is the respondent or defendant subject to a protective order . . . *issued under* Title 30, Chapter 6, Cohabitant Abuse Act, or Title 78A, Chapter 6, Juvenile Court Act of 1996, Title 77, Chapter 36, Cohabitant Abuse Procedures Act, . . . who intentionally or knowingly violates that order after having been properly served, is guilty of a class A misdemeanor, except as a greater penalty may be provided in Title 77, Chapter 36, Cohabitant Abuse Procedures Act." (emphasis added)).  The trial court denied Hart's motion, reasoning that the question of whether the protective order was issued under one of the listed statutory provisions is not an element of the offense of violating a protective order.  The trial court consequently did not reach the question of whether the State presented sufficient evidence to demonstrate that the protective order was issued pursuant to one of the listed statutory provisions.

¶3     Both in his motion for a directed verdict and in his argument on appeal, Hart frames his issue as one based on the sufficiency of the evidence presented at trial.  Hart thus only briefly discusses whether issuance of the protective order under one of the listed statutory provisions is an element of the offense of violating a protective order, and then proceeds to discuss his insufficiency argument.[1]  The State responds that even if the jury was required to determine whether the protective order was issued under one of the listed statutory provisions, the State presented sufficient evidence at trial to survive a motion for a directed verdict.  We follow suit and assume, without deciding, that issuance of the protective order pursuant to one of the statutory provisions is an element of the offense.  We therefore review the denial of Hart's motion for directed verdict based upon the sufficiency of the evidence presented at trial, and "will uphold the trial court's decision if, upon reviewing the evidence and all inferences that can be reasonably drawn from it, we conclude that some evidence exists from which a

---

[1]At oral argument, again assuming that the State was required to prove that the protective order was issued under one of the listed provisions as an element of the offense, Hart argued for the first time on appeal that the jury was improperly instructed as to this element.  We decline to address this issue.  *See generally State v. Marble*, 2007 UT App 82, ¶ 19, 157 P.3d 371 (declining to address the merits of the defendant's argument where he failed to raise it in his brief).

reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt." *See State v. Montoya*, 2004 UT 5, ¶ 29, 84 P.3d 1183.

¶4      In explaining that his marshaling duty was not triggered, Hart states that "there were *no* facts presented from which a trier of fact could have concluded that the" State had established that the protective order had been issued under the statute. Hart contends that "the protective order itself contain[ed] no indication of the statute under which it was issued."

¶5      Here, "some evidence exists from which a reasonable jury could find," *see id.*, that the protective order in this case was issued under one of the provisions listed in section 76-5-108(1). The Third Judicial District Court issued a protective order against Hart on March 21, 2007. Contrary to Hart's contention, the protective order itself cited Utah Code section 30-6-4.2 after stating that "[t]he [c]ourt reviewed the [r]equest for [p]rotective [o]rder," "received argument and evidence," and "ma[de] the orders initialed below." *See generally* Utah Code Ann. § 30-6-4.2 (2007) (current version at Utah Code Ann. § 78B-7-106 (Supp. 2011)).[2] The district court judge initialed, thus authorizing, a "Personal Conduct Order," a "No Contact Order," and a "Stay Away Order." Moreover, the protective order stated that Hart "must obey all orders initialed by the judicial officer," and listed the violation of such orders as a class A misdemeanor, pursuant to "Utah Code Ann. [sections] 30-6-4.2, 76-5-108, 77-36-1.1, and 77-36.2.4."[3]

¶6      Viewing the information contained on the face of the order itself and the reasonable inferences drawn from the order in the light most favorable to the State, a reasonable jury could conclude beyond a reasonable doubt that the protective order was *issued* pursuant to section 30-6-4.2. *See Montoya*, 2004 UT 5, ¶ 29. Accordingly, the State presented sufficient evidence at trial for a reasonable jury to find that Hart violated section 76-5-108.

---

[2]Section 30-6-4.2, now section 78B-7-106, is part of the Cohabitant Abuse Act. *See* Utah Code Ann. §§ 30-6-1 to -15 (2007); Utah Code Ann. §§ 78B-7-101 to -116 (2008).

[3]Utah Code sections 77-36-1.1 and 77-36-2.4 are part of the Cohabitant Abuse Procedures Act. *See* Utah Code Ann. §§ 77-36-1 to -10 (2008).

¶7     We therefore affirm the trial court's denial of Hart's motion to dismiss.


_____

Michele M. Christiansen, Judge

-----

¶8     WE CONCUR:


_____

Carolyn B. McHugh,
Presiding Judge


_____

J. Frederic Voros Jr.,
Associate Presiding Judge